IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

DELBERT LAMAR RANKIN,          )
                               )
         Plaintiff,            )
                               )
    v.                         )         5:13-cv-0020
                               )
TOM ANDERSON, Chief of Police, )
et al.,                        )
                               )
         Defendants.           )

**ORDER**

Before the court is a motion filed May 21, 2013, by *pro se* Plaintiff Delbert Lamar Rankin ("Mr. Rankin"). (Doc. 61.) In the motion, Mr. Rankin reiterates his grievances with regard to this case, including the court's captioning of the case, what he asserts are the actions of some of the individuals about whom he complains, and alleged racial discrimination. Mr. Rankin's statements largely repeat his previous contentions and are conclusory. He requests "an investigation whereas to someones occupation" and "to reinstate or investigate." (Id. at 5.) Mr. Rankin also contends that he "deserves a Hearing in this Matter." (Id.)

Although not denominated as such, because the motion was filed within twenty-eight days after the entry of judgment, the court will treat it as one to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). See Lee-Thomas v.

Prince George's Cnty. Pub. Sch., 666 F.3d 244, 247 n.4 (4th Cir. 2012); Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 n.4 (4th Cir. 2011). A motion under Rule 59(e) will be granted (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not previously available, or (3) to correct a clear error of law or prevent manifest injustice. Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).[1]

The court has carefully considered Mr. Rankin's filing, construed as noted herein, but finds it lacking in merit for any ground to alter or set aside the court's Judgment entered in this case on May 8, 2013 (Doc. 60). Accordingly, to the extent the filing can be construed as a motion for altering or relief from judgment, it will be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's motion filed May 21, 2013 (Doc. 61), is DENIED.

                                          /s/   Thomas D. Schroeder
                                     United States District Judge

June 11, 2013

---

[1] Alternatively, even if the motion were treated as one pursuant to Federal Rule of Civil Procedure 60(b), the court finds that it would fail. See Aikens v. Ingram, 652 F.3d 496, 500-01 (4th Cir. 2011) (noting that, in deference to the finality of judgments, "only truly 'extraordinary circumstances' will permit a party successfully to invoke the 'any other reason' clause of § 60(b)").